

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| VERNELL WRIGHT,<br>  Plaintiff,<br><br>vs.<br><br>GERALD R. PETERSON,<br>  Defendant. | §<br>§<br>§<br>§   Civil Action No.: 5:20-01859-MGL<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS**

### I.  INTRODUCTION

Plaintiff Vernell Wright (Wright) brought this action alleging a common law negligence claim against Defendant Gerald R. Peterson (Peterson) in the Orangeburg County Court of Common Pleas, after which Peterson removed it to this Court.  The Court has jurisdiction over the matter in accordance with 28 U.S.C. § 1332(a).

Pending before the Court is Peterson's motion to dismiss the complaint.  Although Peterson moves to dismiss Wright's complaint under Fed. R. Civ. P. 12(b)(2), (5) and (6), his motion, and the arguments included therein, focus on Rule 12(b)(5), insufficient service of process.  Accordingly, the Court construes Peterson's motion as a motion to dismiss Wright's complaint pursuant to Rule 12(b)(5).  Having carefully considered Peterson's motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Peterson's motion will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

Wright is a citizen of South Carolina and Peterson is a citizen of Canada.  According to Wright's complaint, "[Peterson], who was [] traveling north on US 301, made an improper lane change and struck the passenger's side of [Wright]'s vehicle."  Wright's Compl. ¶ 3.  Wright claims loss of value to her vehicle, along with "great bodily injury, which caused [Wright], and will cause [her] in the future, to incur medical expense, to suffer tremendous pain and suffering[,] and to lose time from work and lost wages."  *Id.* ¶¶ 5–6.  Below is a timeline of the relevant dates for the Court's analysis of Peterson's motion.

| | |
|---|---|
| April 12, 2017 | Wright and Peterson were involved in a motor vehicle collision in Orangeburg County, South Carolina. |
| March 30, 2020 | Wright filed her summons and complaint against Peterson in the Orangeburg County Court of Common Pleas. |
| April 1, 2020 | Wright attempted to serve Peterson through the use of substitute service by certified mail under South Carolina's nonresident motorist statute, S.C. Code Ann. § 15-9-350.  Pursuant to the statute, Wright mailed the Director of the South Carolina Department of Motor Vehicles (SCDMV) a cover letter with two copies of the summons and complaint. |
| April 6, 2020 | The Director of the SCDMV mailed, through the United States Postal Service (USPS), a copy of the summons and complaint (SCDMV letter with pleadings) via Registered Mail, Return Receipt, to the address provided by Wright in her April 1, 2020, letter.  *See* Letter from Wright's counsel to SCDMV, Wright's Resp. in Opp'n to Peterson's Mot. to Dismiss, Ex. 1 at 7 ("The address for the defendant is as follows: Gerald R. Peterson, 1105 Fair Birch Drive, Mississavaga, ON L5H1M4"). |
| May 6, 2020 | The USPS delivered the SCDMV letter with pleadings to the 1105 Fair Birch Drive address.  According to Peterson, at this date, he no longer resided at this address, and the current residents forwarded the SCDMV letter with pleadings to his new address: #120 1405 Lorne Park Road, Mississaugna, ON L3H 3B2. |
| May 7, 2020 | Peterson received the forwarded SCDMV letter with pleadings. |

2

| | |
|---|---|
| May 13, 2020 | Peterson filed a notice of removal with the Court. |
| June 25, 2020 | Wright emailed Natasha Thomas (Thomas) at the SCDMV and requested "a copy of the receipt of service for Gerald Peterson in the case Vernell Wright v. Gerald Peterson." Email from Wright's counsel to Natasha Thomas, Wright's Resp. in Opp'n to Peterson's Mot. to Dismiss, Ex. 3 at 5. |
| | Thomas responded to Wright and noted the USPS tracking website showed delivery of the SCDMV letter with pleadings to Peterson's address on May 6, 2020. Thomas also stated "We have not received the actual signed Return Receipt back [from the USPS]. The information from the USPS website should be good enough to show proof of service." Email from Natasha Thomas to Wright's counsel, Wright's Resp. in Opp'n to Peterson's Mot. to Dismiss, Ex. 3 at 6. |
| July 17, 2020 | Wright filed an Affidavit of Compliance explaining why she failed to strictly comply with the relevant statute. According to Wright, the USPS "altered its procedures [in] light of the [COVID-19] pandemic and [return] receipts are not [currently being] returned [by the USPS]." Wright's Aff. of Compliance at 2. |
| August 18, 2020 | Peterson filed the instant motion to dismiss. |

### III.   STANDARD OF REVIEW

"[S]tate service requirements [that] are an integral part of the state statute of limitations should control in an action based on state law [that] is filed in federal court under diversity jurisdiction." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53 (1980).

In a state that requires service of a summons and complaint to commence an action, a federal court exercising diversity jurisdiction must apply the state's commencement rule to ascertain whether an action is barred by the state's statute of limitations. *See id.* ("In contrast to [Fed. R. Civ. P. 3], the [state] statute is a statement of substantive decision by that [s]tate that actual service on, and accordingly actual notice by, the defendant is an integral part of the several policies served by the statute of limitations.").

3

In South Carolina, "[a civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than one[-]hundred[-]twenty days after filing." S.C. R. Civ. P. 3(a)(1), (2).

IV.     **DISCUSSION AND ANALYSIS**

Before the Court considers the parties' arguments, it will provide a brief primer on South Carolina's nonresident motorist statute. Under this statute, the Director of the SCDMV may act as a nonresident motorist's "true and lawful attorney upon whom may be served all summons or other lawful process in any action or proceeding against him growing out of any accident or collision in which such nonresident may be involved by reason of the operation by him, for him, or under his control and direction . . . ." S.C. Code Ann. § 15-9-350.

Section 15-9-370 explains the manner in which service may be effectuated pursuant to Section 15-9-350. In particular, Section 15-9-370 states service shall be sufficient "upon the nonresident if notice of the service and a copy of the processes are forthwith sent by certified mail . . . to the defendant and the defendant's return receipt and the plaintiff's affidavit of compliance herewith are appended to the summons or other process and filed with the summons, complaint, and other papers in the cause." *Id.* § 15-9-370.

Turning to Peterson's argument, he contends one factor, among others, demonstrates Wright failed to properly effectuate service of process within the one-hundred-twenty day timeframe as set forth by S.C. R. Civ. P.3(a)(2) to commence this action prior to the expiration of the statute of limitations. The statute of limitations for an action such as this is three years. *See* S.C. Code Ann. § 15-3-530(5) (noting an action for "injury to the person or rights of another" is

4

three years). But, as per S.C. R. Civ. P.3(a)(2), Wright had one-hundred-twenty days after filing the summons and complaint to serve the complaint and not be time barred.

Specifically, Peterson contends Wright's failure to follow the steps outlined in Section 15-9-370, in particular the filing of a copy of the USPS return receipt and an affidavit of service appended to a copy of the summons and complaint, prove fatal to his attempt to avail himself of South Carolina's nonresident motorist statute. *See* S.C. Code Ann. § 15-9-370 (noting that service under the nonresident motorist statute is sufficient if "the defendant's return receipt and the plaintiff's affidavit of compliance herewith are appended to the summons or other process and filed with the summons, complaint, and other papers in the cause.").

In support of his position, Peterson cites an unpublished district court opinion he contends stands for the proposition strict compliance is required under Section 15-9-370 to effectuate service of process under South Carolina's nonresident motorist statute. *See Breland v. Ricky Long and Miller Transp., LLC*, Case No. 5-17-00070-JMC, 2017 WL 3910866, at *1–3 (D.S.C. Sept. 7, 2017).

In *Breland*, a plaintiff attempted to use South Carolina's nonresident motorist statute to serve a foreign defendant. *See id.* at *1. The plaintiff, pursuant to Section 15-9-370, sent two copies of the summons and complaint to the SCDMV, and it then mailed, via certified mail, a copy of the summons and complaint to an address provided by plaintiff. *Id.* The USPS returned the summons and complaint to the SCDMV unclaimed due to the plaintiff mistakenly providing the incorrect address for the defendant. *Id.* at *2. Because the summons and complaint were returned to the SCDMV as unclaimed, the plaintiff was required, pursuant to Section 15-9-380, to mail the notice, summons, and complaint by open mail and file the envelope and an affidavit of mailing with the court. *Id.* The plaintiff subsequently failed to file the envelope and an affidavit of mailing

with the court pursuant to the requirements of Section 15-9-380.  *Id.*  The court in *Breland* held "[b]ecause service is not accomplished until the filing of the envelope and affidavit, [p]laintiff did not accomplish service pursuant to §§ 15-9-370 and 15-9-380."  *Id.*  But, the court determined service occurred when the defendant ultimately "obtained a copy of the [c]omplaint from the Orangeburg Clerk of Court" and became aware of the lawsuit.  *Id.*

According to Peterson, because "service has not occurred [according to the service of process guidelines set forth in the nonresident motor statute, Wright]'s claims against [Peterson] should be dismissed with prejudice because the statute of limitations for claims arising out of an automobile accident occurring on April 12, 2017[,] has [now] expired."  Peterson's Mot. to Dismiss at 4.

Wright avers, however, among other things, he properly followed the nonresident motor statute and "[e]xact compliance with the rules [of Section 15-9-370] to effect service of process is not required."  Wright's Resp. at 5.  In particular, Wright posits Peterson received a copy of the summons and complaint on May 7, 2020, well within the one-hundred-twenty day period of his filing of the summons and complaint as required by S.C. R. Civ. P. 3(a)(2).  Thus, according to Wright, the action was properly commenced prior to the expiration of the statute of limitations, and Peterson's motion to dismiss should be denied.

In support of Wright's contention exact compliance with Section 15-9-370 is not required, he cites *Roche v. Young Bros., Inc. of Florence*, 456 S.E.2d 897, 899 (S.C. 1995), where the South Carolina Supreme Court opined "Rule 4, SCRCP serves at least two purposes.  It confers personal jurisdiction on the court and assures the defendant of reasonable notice of the action.  We have never required exacting compliance with the rules to effect service of process."

The *Roche* court also noted the proper analysis when evaluating whether a plaintiff's service of process is sufficient requires a determination of "whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings." *Id.*

Consequently, Wright maintains his failure to strictly adhere to the requirements set forth in Section 15-9-370 is inconsequential because Peterson stated in his affidavit he received a copy of the summons and complaint on May 7, 2020. *See* Aff. of Peterson, Peterson's Notice of Removal, Ex 2, p.2 at ¶ 2 ("On May 7, 2020, I received the attached [copy of the summons and complaint filed by Wright on March 30, 2020], postmarked April 10, 2020, from the S.C. Department of Motor Vehicles."). Hence, Wright argues Peterson had sufficient notice of the proceedings against him on May 7, 2020, and as a result, the action was properly commenced pursuant to S.C. R. Civ. P. 3(a)(2) prior to the expiration of the statute of limitations.

Peterson counters Wright's citation to *Roche* is inapplicable to the facts of this case because it "does not address sufficiency of service of process when service is attempted pursuant to a substitute service statute on an individual residing in Canada." Peterson's Reply at 3 fn 1.

Here, the Court agrees with Wright's contention that the "purpose of the [service of process rules] is to confer personal jurisdiction and to provide notice to the defendant." Wright's Resp. at 5. Based on Peterson's affidavit, he received a copy of the summons and complaint on May 7, 2020, and on that day, he became aware of the action against him. Thus, Wright, on May 7, 2020, accomplished the fundamental purpose of South Carolina's service of process rules: to confer jurisdiction and to provide notice to Peterson a lawsuit had been filed against him in South Carolina.

Furthermore, other states have likewise held nonresident motorist statutes need not be strictly followed. *See, e.g., Saylors v. Riggsbee*, 544 S.W.2d 609, 610–11 (T.N. 1976) (noting that nonresident statutes "are designed for the benefit of persons injured within the state where the accident occurred rather than for the benefit of nonresident motorists causing such injuries, and should be given a liberal construction in accord with that purpose.").

Because the Court concludes Wright properly effectuated service of process under South Carolina law, the Court need not address the parties' other arguments.

## V.     CONCLUSION

For the reasons stated above, it is the judgment of the Court Peterson's motion to dismiss the complaint is **DENIED.**

  **IT IS SO ORDERED.**

Signed this 25th day of March 2021, in Columbia, South Carolina.

                              s/ Mary Geiger Lewis
                              MARY GEIGER LEWIS
                              UNITED STATES DISTRICT JUDGE